Dear Honorable Thompson,
The Attorney General is in receipt of your request for an opinion, wherein you ask the following question:
"Does the Controlled Industrial Waste Management Division of theOklahoma State Department of Health have jurisdiction over disposal ofcontrolled industrial waste as that term is defined in Title 63 O.S.A.2752(1) when such controlled industrial waste is produced by a refineryor oil reclaimers and the waste has no further economic value and is tobe discarded by the refiner or oil reclaimer?"
Title 52 O.S. 139 (1971) vests the Corporation Commission with jurisdiction, power and authority and the duty to make and enforce the rules and regulations and orders governing and regulating the handling, storage and disposition of salt water, mineral brines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, refining, and processing of oil and gas within the State of Oklahoma or operate the oil and gas wells within the State as reasonable and necessary for the purpose of preventing the pollution of the surface and subsurface waters in the State.
Title 63 O.S. 2752(1) (1978) defines Controlled Industrial Waste.
 "1. "Controlled industrial waste" is defined as refuse products, either solid or liquid, which are to be discarded by the producer, and which are toxic to human, animal, aquatic or plant life and which are produced in such quantity that they cannot be safely disposed of in property operated, state-approved sanitary land fills, waste or sewage treatment facilities. Controlled industrial waste may include but is not limited to explosives, flammable liquids, spent acids, caustic solutions, poisons, sludge, tank bottoms containing heavy metallic ions, toxic organic chemicals, infectious materials, and materials such as paper, metal, cloth or wood which are contaminated with controlled industrial waste;"
Title 63 O.S. 2756(A) (1978) applies to the rule of the Controlled Industrial Waste Management Division and states as follows:
 "The Division shall prepare for adoption by the State Board of Health a list of materials designated as controlled industrial waste and the necessary rules, regulations and minimum standards for the processing, disposal, transportation and storage of controlled industrial waste in Oklahoma with the exception of the following:
 "2. The Corporation Commission of Oklahoma is hereby vested with exclusive jurisdiction, power and authority, and it shall be its duty to make and enforce such rules, regulations and orders governing and regulating the handling, hauling, storage and disposition of salt water, mineral mines, waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing, and processing of oil and gas, including reclaiming of oil from tank bottoms located on leases and tank farms located outside the boundaries of a refinery.
 "B. Before designating materials as controlled industrial waste and adopting such rules, regulations and standards, as set out in subsection A of this section, the Division shall consult with interested state and local governmental bodies and with federal regulatory agencies. The Division shall hold at least one public hearing on the proposed list of designated controlled industrial wastes and the rules, regulations and standards."
On May 19, 1979, the Rules and Regulations for Industrial Waste Management developed under authority of the Oklahoma Controlled Industrial Waste Disposal Act of 1978 was adopted by the State Board of Health and filed with the office of Secretary of State and the Oklahoma Gazette which is effective June 12, 1979. As a part of the Rules and Regulations the common industrial wastes are listed in App. A-1 on Page 72 which includes oil (of petroleum origin), oil and water, tank bottom sediment, tank cleaning sludges, and waste (or slop) oil.
An exception is shown to the Oklahoma Controlled Industrial Waste Disposal Act where it gives the Corporation Commission of Oklahoma the exclusive jurisdiction, power and authority over the regulating, handling, hauling, storage and disposition of waste oil and other deleterious substances produced from or obtained or used in connection with the drilling, development, producing and processing of oil and gas which include the reclamation of oil from tank bottoms.
For the purpose of preventing surface and subsurface waters of the State and regulating the handling, storage and disposition of waste oil, the Corporation Commission is vested with jurisdiction over persons and companies who reclaim and retreat waste oil. Atty. Gen. Op. 79-156 dated July 30. 1979.
It is, therefore, the opinion of the Attorney General that theprovisions of 52 O.S. 139 (1971) and 63 O.S. 2756(A)(2) (1978) do notprevent the exercise of jurisdiction by the Controlled Industrial WasteManagement Division of the Oklahoma State Department of Health overcontrolled industrial waste produced by a refinery or oil reclaimers evenif such waste has no further economic value and is to be discarded by therefiner or oil reclaimer.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
VICTOR G. HILL, JR., ASSISTANT ATTORNEY GENERAL